Kline, Judge,
concurring in judgment only.
{¶ 87} I respectfully concur in judgment only. Under R.C. 5122.15(J), “Within fourteen days of the making of an order by a referee, a party may file written objections to the order with the court. The filed objections shall be considered a motion, shall be specific, and shall state their grounds with particularity. Within ten days of the filing of the objections, a judge of the court shall hold a hearing on the objections and may hear and consider any testimony or other evidence relating to the respondent’s mental condition. At the conclusion of the hearing, the judge may ratify, rescind, or modify the referee’s order.”
{¶ 88} Based on a prior, similar version of R.C. 5122.15(J), we held the following: “If appellant anticipates challenging the weight of the evidence or factual findings of a referee on appeal, objections pursuant to R.C. 5122.15(J) and a transcript of proceedings are conditions precedent to raising those issues on appeal. * * * Since appellant failed to file objections to the referee’s entry * * *, she has waived consideration of her manifest weight of the evidence argument on appeal.” In re Smith (Sept. 29, 1993), Athens App. No. 92CA1561, 1993 WL 387029, *4. Here, Kister failed to file objections under R.C. 5122.15(J). Therefore, I would find that Kister has waived his manifest-weight arguments, and I would not address these arguments on appeal.
{¶ 89} Finally, I agree that no plain error exists in the present case. However, in reviewing Kister’s remaining arguments, I would use only the plain-error standard of review.
{¶ 90} For the foregoing reasons, I respectfully concur in judgment only.